**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

REPUBLIC TECHNOLOGIES (NA), LLC,

   and

REPUBLIC TOBACCO, L.P.,

        Plaintiffs,

v.

SAKOM INVESTMENT, LTD,

   and

MOHAMMAD FAROOQ WAZIRALI,

        Defendants.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Republic Technologies, (NA), LLC and Republic Tobacco, L.P., for their Complaint against defendants Sakom Investment, Ltd. and Mohammad Farooq Wazirali, allege as follows:

## PARTIES

1.     Republic Technologies (NA), LLC ("Republic Technologies") is a limited liability company organized under the laws of Delaware with a place of business at 2301 Ravine Way, Glenview, Illinois 60025.

2.     Republic Tobacco, L.P. ("Republic Tobacco") is a limited partnership organized under the laws of Delaware with a place of business at 2301 Ravine Way, Glenview, Illinois 60025.

3.     Sakom Investment, Ltd., which does business as Novelty Wholesale and Texas Wholesale USA ("Sakom") is a corporation organized and existing under the laws of Texas, with its principal place of business at 2667 Northaven Road, Dallas, Texas 75229.

4.     Upon information and belief, Mohammad Farooq Wazirali is an individual who resides in Dallas, Texas, and is the president and chief executive officer of, and directs, controls and benefits from the affairs of, Sakom.

## JURISDICTION AND VENUE

5.     This is an action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Illinois statutory and common law.

6.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

7.     This Court has personal jurisdiction over Defendants. Upon information and belief, Defendant Sakom, at the direction and under the control of Mohammad Farooq Wazirali, has transacted continuous and systematic business within this state in the ordinary course of trade, and a significant portion of the Defendants conduct that gives rise to the claims asserted herein occurred in this state, thus establishing contacts with this state sufficient to permit this Court to exercise personal jurisdiction in this action.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the activities giving rise to the claims alleged herein occurred in this District, and the property that is the subject of this action is situated in this District.

## NATURE OF THE ACTION

9.     Plaintiffs bring this action to protect the goodwill and consumer recognition in the ROLL WITH THE BEST trademark and its JOB 1 ¼ Trade Dress for cigarette papers.  Plaintiff Republic Tobacco is and for many years has been the master U.S. distributors of Republic Technologies' distinctive line of JOB branded cigarette papers.  Since long before the acts of Defendants alleged herein, Republic Technologies developed and used a distinctive trade dress for

its JOB 1 ¼ cigarette papers, which are a style of papers within its distinctive line of JOB branded cigarette papers. Since long before the acts of Defendants alleged herein, Plaintiff Republic Tobacco has used the trademark ROLL WITH THE BEST in connection with its distribution and sale Republic Technologies' line of JOB branded cigarette papers. As described more fully below, without Plaintiffs' authorization or consent, and with constructive and actual knowledge of Plaintiffs' prior rights, Defendants developed a source for, acquired and have begun distributing and selling cigarette papers under the ROLL WITH THE BEST trademark and that embody the JOB 1 ¼ Trade Dress. Defendants, therefore, have intentionally created circumstances whereby members of the public and trade are likely to be led to believe incorrectly that Defendants and their products are authorized by, sponsored by or affiliated with Plaintiffs and their products.

10. Plaintiffs have taken the steps necessary to ensure that their products comply with applicable laws and regulations regarding the marketing of smokers' articles. Although not required by law, Republic Technologies and Republic Tobacco abide by the restrictions of the Master Tobacco Settlement Agreement between the Attorneys General of the numerous settling States and participating manufacturers of tobacco products. As such, all of their products abide by the marketing restrictions of the Master Tobacco Settlement Agreement. In addition, Plaintiffs' products are in strict compliance with all the requirements of the Family Smoking Prevention and Tobacco Control Act and the FDA regulations promulgated thereunder. As a result of these and other efforts, Plaintiffs have built up considerable goodwill among consumers and within the industry and are known for providing high quality products. On information and belief, Defendants infringing products described herein are not authorized under the Act or by the FDA and are therefore contraband. As a result, any association between Defendants and their infringing articles will irreparably taint Plaintiffs and their products and substantially damage the goodwill and standing of Plaintiffs and their products in the public and regulatory community. As a result,

Plaintiffs seek to enjoin Defendants from such further actions and damages to compensate them for injury proximately caused by the acts of Defendants alleged herein.

## FACTS COMMON TO ALL COUNTS

11.     For decades, and long prior to the acts of Defendants alleged herein, Republic Technologies has been a preeminent manufacturer of smokers' articles, including cigarette papers and cigarette rolling machines.  Republic Technologies, through its master distributor Republic Tobacco, distributes such goods to distributors, wholesalers, retailers, resellers and to consumers across the United States through tobacco shops, drugstores, tobacco outlets, novelty, convenience and other retail stores.  As a result, Republic Technologies has become one of the best-known manufacturers of roll-your-own cigarette papers, and Republic Tobacco has become one of the best-known distributors of smokers' articles.

12.     Plaintiffs have devoted substantial resources, time and effort to developing, marketing and distributing their cigarette papers under and in connection with a variety of marks, including a line of unique styles of cigarette papers that have been marketed under the trademark JOB.

13.     As a result of their consistent and successful efforts to promote, distribute and sell their unique styles of cigarette papers under the trademark JOB, Plaintiffs have developed considerable consumer recognition and goodwill in the JOB mark, and, as such, Plaintiffs' line of JOB branded cigarette papers has come to be recognized by customers as identifying and distinguishing Plaintiffs' smokers' articles, and has come to signify high-quality cigarette papers.

### (ROLL WITH THE BEST Trademark)

14.     Since at least 1989, Republic Tobacco has continuously used the trademark ROLL WITH THE BEST in connection with the national distribution and sale of JOB branded cigarette papers.

- 4 -

15.     Among other things, since 1989, the ROLL WITH THE BEST mark has continuously and prominently been featured on product packaging, point of sale displays, and other marketing materials to identify and promote Republic Technologies' line of JOB branded cigarette papers.

16.     To protect its rights to the mark, Republic Tobacco maintains a federal trademark registration for the trademark ROLL WITH THE BEST for cigarette papers, which issued on May 16, 2006, and became incontestable on May 16, 2011, pursuant to 15 U.S.C.  See Registration No. 3,093,272; a copy of the Trademark Office records for this registration is attached hereto as Exhibit A.

17.      As a result of the aforesaid registration, Republic Tobacco has the exclusive right to use the ROLL WITH THE BEST trademark in connection with the sale, offering for sale, and distribution of cigarette papers in the United States.

### (JOB 1 ¼ Trade Dress)

18.     Among the styles of JOB branded cigarette papers are JOB 1 ¼ papers, distributed and sold in booklets bearing a distinctive trade dress comprised of the unique combination and positioning of various design elements as follows:

   

(the "JOB 1 ¼ Trade Dress").

19.     In addition, the trademark ROLL WITH THE BEST occurs prominently on the inside of the booklets of such papers, as shown:



20.     To further promote these cigarette papers, Plaintiffs developed and have for many years distributed point of sales displays including counter bowl collars, cashier mats and door stickers that prominently display the ROLL WITH THE BEST trademark with the JOB 1 ¼ Trade Dress:





**Counter Bowl Collar**          **Cashier Mat**                    **Door Sticker**

Additional examples of these materials are attached hereto as Exhibit B.

21.     Plaintiffs have devoted significant time, effort and resources to marketing and promoting its cigarette papers under and in connection with the ROLL WITH THE BEST trademark and the JOB 1 ¼ Trade Dress. As a result, the ROLL WITH THE BEST trademark and the JOB 1 ¼ Trade Dress have developed considerable consumer recognition, goodwill and distinctiveness

signifying Plaintiffs and their products.

22.    As a result of Plaintiffs' use and extensive promotion of the ROLL WITH THE BEST trademark and the JOB 1 ¼ Trade Dress in connection with its cigarette papers, the ROLL WITH THE BEST trademark and the JOB 1 ¼ Trade Dress have become well-known and recognized by the public as identifying and distinguishing Plaintiffs' products.  The consumer goodwill and recognition in the ROLL WITH THE BEST trademark and the JOB 1 ¼ Trade Dress are among Plaintiffs' most valuable assets.

<u>Defendants' Unlawful Activities</u>

23.    Defendant Sakom is a distributor of a variety of wholesale products to convenience stores, tobacco shops, beer and wine stores, and dollar stores and other retail establishments.  On information and belief, Defendant ships and sells its products throughout the United States, including Illinois.

24.    For more than 20 years, Sakom has been a customer of Republic Tobacco and as such is intimately familiar with Plaintiffs' smokers' articles.  Among the products Sakom has purchased from Republic Tobacco are JOB 1 ¼ cigarette papers bearing the ROLL WITH THE BEST trademark and the JOB 1 ¼ Trade Dress in the counter bowls depicted above.  In the past three years alone, Defendants have purchased many hundreds of thousands of dollars of such products for resale throughout the United States.  Defendants therefore have actual knowledge of Republic Tobacco's trademark ROLL WITH THE BEST trademark and Republic Technologies' JOB 1 ¼ Trade Dress.  Defendants also have constructive knowledge of Republic Tobacco's ROLL WITH THE BEST trademark registration pursuant to 15 U.S.C. §1072.

25.    Upon information and belief, Defendants were aware of the vast goodwill in, the reputation symbolized by, and the economic value of the ROLL WITH THE BEST trademark and

JOB 1 ¼ Trade Dress, and also understood that members of the public rely on the ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress to identify Plaintiffs' products.

26.     On information and belief, with the intent of developing a source for the products it has been purchasing in this district from Plaintiffs, but at a substantially lesser price, and with the intent of trading upon the goodwill of Plaintiffs symbolized by the ROLL WITH THE BEST and JOB 1 ¼ Trade Dress, Defendants sought and developed a source for, and has begun distributing and selling, cigarette papers booklets and counter bowls that copy the JOB 1 ¼ Trade Dress and point of sale displays that prominently bear the ROLL WITH THE BEST trademark, as depicted below:

Plaintiffs' Booklet          Defendants' Infringing Booklet

     

Plaintiffs' Bowl Collars      Defendants' Infringing Counter Bowl Collar

     

(collectively, the "Infringing Products"). These products are virtually indistinguishable from Plaintiffs' products. Defendants have slavishly copied all aspects of the JOB 1 ¼ Trade Dress.

27.     Upon information and belief, Defendants intentionally and willfully copied and misappropriated the ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress with the specific intent of trading upon the substantial and valuable goodwill established by Plaintiffs therein for their sole benefit, and to the ultimate detriment, of Plaintiffs.

28.     Defendants' distribution and sale of the Infringing Products is likely to cause confusion and, ultimately, irreparably damage Plaintiffs' businesses, reputation, and the goodwill associated with the ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress. Defendants' aforementioned conduct is likely to lead the public to mistakenly believe that Plaintiffs are the source of or are legitimately associated with, Defendants and the Infringing Products.

29.     Such association with Defendants will irreparably harm Plaintiffs' reputation and goodwill not only with the public, but also within the regulatory community, especially in light of the undertakings and commitments Plaintiffs have made to abide by the Master Tobacco Settlement Agreement and the Family Smoking Prevention and Tobacco Control Act and the FDA regulations promulgated thereunder.

30.     Plaintiffs have accordingly been damaged and are being irreparably harmed by the conduct of Defendants alleged herein. Plaintiffs have no adequate remedy at law, and unless Defendants are restrained and enjoined by this Court, Defendants' infringement will continue, thereby causing further damage and irreparable injury to Plaintiffs, who will not be able to control the quality of the Infringing Products being offered under the ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress.  In light of these facts, Plaintiffs have had no choice but to initiate this action to protect their businesses, their reputation, the valuable ROLL WITH THE BEST trademark, the valuable JOB 1 ¼ Trade Dress and the substantial goodwill associated therewith.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(1)(a))

31.     Plaintiffs incorporate the allegations set out in paragraphs 1-30 as though fully set forth herein.

32.     Pursuant to 15 U.S.C. § 1072, Defendants had constructive knowledge of Plaintiffs' ownership of and rights in the federally registered ROLL WITH THE BEST trademark at the time Defendants sourced and imported, and began distributing and selling, its Infringing Products in connection with the ROLL WITH THE BEST trademark.

33.     Defendants also had actual knowledge of Plaintiffs ownership of and rights in the federally registered ROLL WITH THE BEST trademark at the time Defendants sourced and imported, and began distributing and selling, its Infringing Products in connection with the ROLL WITH THE BEST trademark.

34.     Defendants have used the ROLL WITH THE BEST trademark on its goods without the approval or consent of Plaintiffs in a deliberate and willful attempt to trade upon the goodwill, reputation, and selling power established by Plaintiffs under the ROLL WITH THE BEST trademark, and to pass Defendants' products off as those of Plaintiffs.

35.     Mohammad Farooq Wazirali is the president and chief executive officer of Sakom, and directs, controls and benefits from the affairs of Sakom, which uses the ROLL WITH THE BEST trademark on the Infringing Products without the approval or consent of Plaintiffs in a deliberate and willful attempt to trade upon the goodwill, reputation, and selling power established by Plaintiffs under the ROLL WITH THE BEST trademark and to pass Defendants' products off as those of Plaintiffs.

36.     Defendants' conduct is intended to exploit the goodwill and reputation associated

with the ROLL WITH THE BEST trademark and to obtain a competitive advantage without expenditure of resources, by a strategy of willful infringement.

37.     Plaintiffs have no control over the quality of the Infringing Products. Because of the likelihood of confusion as to the source of Defendants' products, Plaintiffs' valuable goodwill in the ROLL WITH THE BEST trademark is at the mercy of Defendants.

38.     The intentional and willful nature of the aforesaid acts renders this violation subject to enhanced damages and makes this case exceptional under 15 U.S.C. § 1117.

39.     As a result of Defendants' aforementioned conduct, Plaintiffs have suffered and continue to suffer substantial damage and irreparable harm, constituting an injury for which Plaintiffs have no adequate remedy at law. Accordingly, only an injunction from this Court can prevent Plaintiffs' further irreparable harm at the hands of Defendants.

<u>**COUNT II**</u>

**FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**

40.     Plaintiffs incorporate the allegations in paragraphs 1- 39 as though set forth fully herein.

41.     Upon information and belief, Defendant Sakom has deliberately and willfully used Plaintiffs' ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress in an attempt to trade on the goodwill, reputation and selling power established by Plaintiffs in connection with their cigarette papers in the United States, and to confuse consumers as to the origin and sponsorship of Defendants' goods.

42.     Mohammad Farooq Wazirali is the president and chief executive officer of Sakom, and direct, control and benefit from the affairs of Sakom, which deliberately and willfully use Plaintiffs' ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress in an attempt to trade on

the goodwill, reputation and selling power established by Plaintiffs in connection with their cigarette papers in the United States, and to confuse consumers as to the origin and sponsorship of Defendants' goods.

43.     Defendants' unauthorized and tortious conduct has also deprived, and will continue to deprive, Plaintiffs of the ability to control the consumer perception of goods marketed with its ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress, placing the valuable reputation and goodwill of Plaintiffs in the hands of Defendants, over whom Plaintiffs have no control.

44.     Defendants' conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants' products with Plaintiffs, and as to the origin, sponsorship, or approval of Defendants' products, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

45.     The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. §1117(a).

46.     As a result of Defendants' aforementioned conduct, Plaintiffs have suffered and continue to suffer substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law.  Accordingly, only an injunction from this Court can prevent Plaintiffs' further irreparable harm at the hands of Defendants.

### COUNT III

### ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 510)

47.     Plaintiffs incorporate the allegations in paragraphs 1-46 as though set forth fully herein.

48.     Defendants' actions complained of herein constitute deceptive trade practices in violation of 815 ILCS 510/2 in that they are likely to cause confusion or misunderstanding as to

source, sponsorship or approval of the Infringing Products. Defendants' deceptive conduct also creates a likelihood of confusion as to the affiliation, connection or association of Defendants and its goods with Plaintiffs and their well-known ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress.

49.     Because Defendants had notice of Plaintiffs' prior use of and rights in its ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress before Defendants' adopted and commenced use of the Infringing Product, Defendants willfully engaged in deceptive trade practices in violation of Illinois law.

50.     As a result of Defendants' aforementioned willful and malicious conduct, Plaintiffs are likely to suffer irreparable harm for which they have no adequate remedy at law. Unless this Court enjoins Defendants' conduct, Plaintiffs will continue to suffer irreparable harm.

## COUNT IV

### Illinois Consumer Fraud and
### Deceptive Business Practices Act (815 ILCS 505)

51.     Plaintiffs incorporate the allegations in paragraphs 1- 50 as though set forth fully herein.

52.     Defendants' unauthorized use of  Plaintiffs' ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress has been with the intention of deceiving and misleading the public, and thereby attempting to encroach upon the businesses of Plaintiffs in violation of 815 ILCS 505.

53.     As a result of Defendants' aforementioned conduct, Plaintiffs have suffered and continue to suffer substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law. Accordingly, only an injunction from this Court can prevent Plaintiffs' further irreparable harm at the hands of Defendants.

## COUNT V

## COMMON LAW TRADEMARK
## INFRINGEMENT AND UNFAIR COMPETITION

54.     Plaintiffs incorporate the allegations in paragraphs 1- 53 as though set forth fully herein.

55.     Plaintiff Republic Tobacco is the current, active, and exclusive owner of the ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress, which are valid and legally protectable trademarks.

56.     Defendants have used the ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress without Plaintiffs' consent or authorization in the course of selling goods in commerce.

57.     The use of the ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress on the Infringing Products is likely to cause confusion between Defendants and their cigarette papers on one hand, and Plaintiffs and their cigarette papers on the other hand. Such use by Defendants infringes the valuable common law rights of in the ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress.

58.     Defendants' aforementioned acts also constitute unfair competition with Plaintiffs by creating confusion as to source or sponsorship of the goods of Defendants, and, Defendants' activities misappropriate Plaintiffs' reputation and goodwill. As a result of its afroementioned wrongful actions, Defendants will be unjustly enriched.

59.     As a result of Defendants' aforementioned conduct, Plaintiffs have suffered and continue to suffer substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law.  Accordingly, only an injunction from this Court can prevent Plaintiffs' further irreparable harm at the hands of Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, by virtue of Defendants' unlawful conduct as alleged in Counts I through V of this Complaint, Plaintiffs respectfully pray that:

1. The Court enter judgment that the ROLL WITH THE BEST trademark is valid and enforceable, and that Defendants have infringed said mark in violation of 15 U.S.C. § 1114; that Defendants have used false designations of origin and engaged in unfair competition in their sale and offering for sale of Infringing Products under the ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress in violation of 15 U.S.C. § 1125(a); that Defendants have violated the Illinois Uniform Deceptive Trade Practices Act; that Defendants have fraudulently used Plaintiff's trademark in violation of Illinois law; and that Defendants have engaged in common law trademark infringement and unfair competition by their unauthorized use of the ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress and have been unjustly enriched by virtue of such conduct.

2. That the Court issue an injunction, pursuant to 15 U.S.C. § 1116, requiring Defendants and their officers, agents, affiliates, servants, employees, representatives, and all persons acting for, with, by, though, under, or in active concert with them, be preliminarily and permanently enjoined and restrained from:

  a) using, selling, offering for sale, holding for sale, advertising or promoting any goods under or in connection with any trade name, trademark, service mark, Internet domain name or other designation of origin that is comprised in whole or in part of the terms ROLL WITH THE BEST or any other term confusingly similar to Plaintiffs' ROLL WITH THE BEST mark;

  b) using, selling, offering for sale, holding for sale, advertising or promoting any goods under or in connection with the JOB 1 ¼ Trade Dress, or any trade dress that is

- 15 -

confusingly similar to Plaintiffs' JOB 1 ¼ Trade Dress;

    c) doing any act or thing that is likely to induce the belief that Defendants' goods, services or activities are in some way connected with Plaintiffs' business, or that is likely to injure or damage Plaintiff's business or its ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress;

    d) assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (c).

3.     That as a further part of the injunction, Defendants be required to recall from the channels of trade all of the Infringing Products, and products packaging, advertising and promotional material sold or distributed by Defendant or its affiliates that bear the ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress;

4.     Requiring Defendants to reimburse Plaintiffs for all damages they have suffered by reason of such acts, account for and pay over to Plaintiffs all profits derived by reason of their acts of infringement, deceptive trade practices and unfair competition, and remit to Plaintiffs exemplary, treble, damages as provided for in 15 U.S.C. § 1117 and at common law.

5.     Finding that this case constitutes an exceptional case and awarding Plaintiffs their reasonable attorneys' fees and disbursements, as well as the costs they have incurred in bringing this action, pursuant to 15 U.S.C. § 1117 and 815 ILCS 510/3.

6.     Requiring that Defendants deliver up and destroy all labels, signs, prints, packages, wrappers, receptacles, advertisements and other materials in its possession bearing the ROLL WITH THE BEST trademark and JOB 1 ¼ Trade Dress and all plates and other means of making the same, pursuant to 15 U.S.C. § 1118; and

7.     That Defendants be ordered to file with the Court and serve upon Plaintiffs, within thirty (30) days after the service of the injunction upon Defendants, a report in writing under oath

setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment entered pursuant to this Complaint; and

        8.      Requiring that Plaintiffs be awarded such other and further relief as this Court may deem equitable.

Dated: April 16, 2019                   Respectfully Submitted,

                                        By:            s/Antony J. McShane/
                                            One of the Attorneys for Plaintiffs,
                                            Republic Technologies (NA) LLC, and
                                            Republic Tobacco, L.P.

Antony J. McShane (ARDC# 6190332)
Andrea S. Fuelleman (ARDC# 6309043)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, Illinois  60602
Telephone:  (312) 269-8000
Facsimile:  (312) 269-1747

29174824.9